REGAN, Judge.
Plaintiff, Mrs. Paula Memorano Young, instituted this suit against defendant, Anthony Ortolano, endeavoring to recover $1,221, together with a reasonable attorney’s fee, which principal sum represents treble damages emanating from an alleged overcharge of rent on premises designated by municipal number 911 Constantinople Street, in excess of the ceiling price fixed thereon by the Office of Rent Stabilization.
Defendant filed the exceptions of “no cause or right of action” ,in opposition to plaintiff’s claim of rent overcharge originating more than one year prior to the date of the initiation of this suit.
The judge, a quo, referred the exceptions to the merits, and defendant then answered generally denying the pertinent allegations of plaintiff’s petition.
The trial court rendered judgment in favor of plaintiff in the amount of $222 with legal interest thereon from November 15, 1950, the date of the institution of this suit (which sum represents the simple overcharge in excess of the established rent for one year prior to the commencement of the suit), together with $50 as damages, $75 as attorney’s fees and for all costs. From this judgment plaintiff has prosecuted this appeal, and defendant has not filed an answer thereto.
The record reveals these relatively undisputed facts. The property 911 Constantinople Street is owned and was originally registered with the Office of Rent Stabilization by Thomas Ortolano', the father of defendant. In January of 1942 the aforementioned office established a rental ceiling thereon in the amount of $36.50 per month. In the usual course of events, with which most of us are familiar, defendant, in 1946, returned from service in the Armed Forces of the United States, and established by virtue of his father’s permission, a domicile in these premises. He remained therein until about January 27, 1948, at which time he rented the property to plaintiff for the sum of $55 per month, *882 or $18.50 in excess of the established rental ceiling. In October, 1950, defendant, having been forewarned of impending trouble with the tenant, visited the Office of Rent Stabilization and ascertained for the first time that the property was registered and that the maximum rent he could obtain therefrom was $36.50 per month. Defendant thereupon filed the usual petition for an increase in the rent, which was granted, and effective in October 1950, the rent was increased to the sum of $47.50 per month. Defendant collected $55 from plaintiff only one time after he had ascertained that the ceiling rent was $36.50. It appears that plaintiff left the rent of $55 at defendant’s business establishment, and thereafter defendant was not afforded the opportunity of returning it. Subsequently defendant collected $47.50 from plaintiff each month until March 1, 1951, at which time plaintiff removed herself and possessions from the premises. However, plaintiff had previously, on November 15, 1950, instituted the present suit.
Plaintiff concedes that her claim for “overcharge” is limited to one year prior to the institution of suit, but contends that she has shown the amount of overcharge for rent for one year to be $222; that, the overcharge was wilful and the result of failure of the defendant to take practicable precaution against the occurrence o'f the violation; that, therefore, in conformity with the provisions of Section 205 of the Housing and Rent Act of 1947, 61 Stat. 199, 50 U.S.C.A.Appendix, § 1895, she is entitled to treble damages or the sum of $666, together with attorney’s fees and all costs.
Defendant, in opposition thereto, concedes the existence of the overcharge for the period of time set forth hereinabove, but maintains that the overcharge was not wilful in view of the fact that defendant was not in possession of any knowledge relating to the ceiling price on the premises which had been established in January of 1942; that the property was actually owned and originally registered with the Office of Rent Stabilization by defendant’s father; and that no wilful overcharge was consummated after defendant learned of the established rent from the Office of Rent Stabilization.
The only question posed for our consideration is one of fact, that is, was the violation wilful or the result of failure to take practicable precaution against the occurrence of tire violation?
The trial court resolved the answer to this question in favor of defendant, and our examination of the record fails to disclose any manifest error in its conclusion.
Counsel for defendant insists that the trial court erred in awarding damages of $50 to plaintiff, in view of the fact that the trial court -found that the conduct of the defendant was neither wilful nor the result of failure to take practicable precaution against the occurrence of the violation.
Unfortunately, counsel for defendant has failed to answer the appeal and, therefore, we are unable to grant the relief which he requests.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.